The Opinion of the Court. — After reciting the |)epore stated, it proceeded : — This court are called on to decide whether this contract be within the statute of usury. To make it so, it is plearly essential that the substance of the transaction should have been a lending and borrowing. And if it was so understood by the parties, no shift or contrivance, however disguised, can avail to evade that statute. But if on the other hand, it was not a borrowing or lending, the converse of the proposition is equally true, that it cannot be brought within the statute (a). On the part of the appellant, no evidence was exhibited to shew that a lending was in the contemplation of the parties. And as the contract itself does not import a loan, this court cannot presume it to have been a loan. Therefore, the contract on its face not importing a loan, and whether it was a mere colourable transaction to disguise a loan or not, being a fact which it was the peculiar province of a jury to decide, the circuit court of Lincoln were right in refusing to give the direction prayed for.
*179 It has been contended by the counsel for the appellant,.that this case amounted to usury, because the plaintiff below recovered more damages than the value of the property covenanted to be delivered to him, at the time that covenant was broten, together with legal interest thereon, up to the time of the rendition of the judgment. But, as in the case of annuities, (a usual mode of borrowing in England) (a), if the annuity was really purchased, and not used as a cover to, a loan, it is immaterial how low it was purchased — how good a bargain on the one side, or how bad on the other.
So in this case, if it was really as it appears to be, a, contract for the actual sale and purchase of negroes, the parties had a right to stipulate the damages that should accrue upon the breach of this contract; and also those that had previously existed. And whether a good or a bad bargain for either, neither a court of camón law nor a court of equity could relieve against it.
For the non-performance of this contract, the verdict of the jury must have been in damages.; the amount of which would or might have been uncertain. And it was as competent to the parties to contract for the liquidation of those damages, in such an event, as to contract for the subject matter of the contract itself. And where a precise sum is fixed and agreed upon between them, that very sum is. the ascertained damage, and a jury is con-, fined to it.
Judgment affirmed.
A motion was made for a,re-consideratipn .of the case, and overruled.

«) i Vezey jun. 531.

^ CoWpec 7/0.